UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD RICHARD MCFADDEN, | Case No. 2:20-cv-00374-GMN-BNW |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, SR, et al., | |
| Respondents. | |

Before the court is respondents' motion to dismiss certain claims in Donald McFadden's pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted (ECF No. 9). The court has reviewed the claims at issue and concludes that they are unexhausted.

### I.    Background & Procedural History

In August 2015, McFadden pleaded guilty to trafficking in a controlled substance (exhibit 7).[1] The state district adjudicated him a habitual offender and sentenced him to a term of 10 to 25 years. Exh. 14. Judgment of conviction was filed on March 15, 2016. Exh. 15.

McFadden filed an untimely appeal. The Nevada Supreme Court ordered McFadden to show cause why the appeal should not be dismissed for lack of

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 11-13.

1
2
jurisdiction. McFadden never responded, and the Nevada Supreme Court dismissed his appeal. Exh. 24.

3
4
5
6
7
8
The Nevada Court of Appeals affirmed the denial of McFadden's state postconviction petition in part. Exh. 45. The court reversed and remanded for an evidentiary hearing on McFadden's claim that his counsel was ineffective for failing to pursue a direct appeal despite McFadden's request for an appeal. *Id.* at 6.  After an evidentiary hearing, the state district court denied the claim. Exh. 52. The Nevada Court of Appeals affirmed the denial. Exh. 70.

9
10
11
12
13
14
McFadden dispatched his federal habeas corpus petition for filing in January 2020 (ECF No. 6).  Respondents now move to dismiss several claims on the basis that they are unexhausted (ECF No. 9). McFadden has not opposed the motion to dismiss or responded in any way. Local Rule 7-2(d) provides that generally the failure of an opposing party to file points and authorities in response to a motion constitutes a consent to the granting of the motion.

15
**II.    Legal Standards & Analysis**

16
**a.  Exhaustion**

17
18
19
20
21
22
23
24
25
26
A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

27
28
A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal

constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b.  Ground 1(d)

McFadden alleges that his plea counsel was ineffective when he failed to explore all defenses in mitigation of the habitual adjudication in violation of his Sixth Amendment rights (ECF No. 6, p. 4). Respondents are correct that McFadden did not present this

1    claim to the state district court or state appellate court (ECF No. 9; *see* exhs. 26, 38,

2    58).  Ground 1(d), therefore, is unexhausted.

3              **c.  Ground 1(e)**

4              McFadden contends that his counsel was ineffective because he was

5    disorganized and cursory during the penalty phase (ECF No. 6, p. 4). McFadden did not

6    present this claim to the state district court or the state appellate court, and it is

7    unexhausted. *See* exhs. 26, 38, 58.

8              **d.  Ground 1(f)**

9              McFadden contends that his counsel was ineffective for failing to argue and

10   present evidence that McFadden's conduct was not based upon a criminogenic

11   pathology, but instead a federally recognized disability, drug addiction and substance

12   abuse (ECF No. 6, p. 4).

13             McFadden argued in his opening brief to the Nevada Court of Appeals after

14   remand of his state postconviction petition that the failure to appear clause in his guilty

15   plea agreement was unconscionable because the habitual criminal enhancement was

16   being applied him, an individual suffering from a controlled substance addiction. Exh.

17   58, pp. 38-39. The Nevada Court of Appeals declined to consider this issue on appeal

18   because McFadden did not initially raise this claim before the state district court. Exh.

19   70, pp. 2-3. Because ground 1(f) was presented for the first time before the Nevada

20   Court of Appeals, it was presented in a procedurally deficient manner and is therefore

21   unexhausted. *See Castille v. Peoples*, 489 U.S. 346 (1989); see also exhs. 26, 38.

22             **e.  Ground 1(g)**

23             McFadden asserts that his counsel was ineffective for failing to argue against the

24   habitual criminal enhancement based on diminished capacity (ECF No. 6, pp. 4-5).

25   McFadden did not present ground 1(g) to the state district court or the state appellate

26   court, thus it is unexhausted. *See* exhs. 26, 38, 58.

27

28

### f.  Ground 1(h)

McFadden argues that his counsel was ineffective for failing to present empirical data and an expert at sentencing to show that McFadden had a diminished capacity due to methamphetamine intoxication and a mental health/disorder defense (ECF No. 6, p. 5). Federal ground 1(h) was not presented to the state district court or state appellate court; it is unexhausted. *See* exhs. 26, 38, 58.

### g.  Ground 1(j)

McFadden contends that he was not enrolled in a substance abuse diversion program as a result of his counsel's ineffective assistance (ECF No. 6, p. 5).  He did not raise this claim in the state district court or state appellate court. Federal ground 1(j) is unexhausted.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  In the instant case, the court concludes that the following claims are unexhausted: ground 1(d), 1(e), 1(f), 1(g), 1(h), and 1(j).  Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1.      He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.      He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless.  Respondents would then be granted an opportunity to respond, and petitioner to reply.  Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED** as follows:

Ground 1(d), 1(e), 1(f), 1(g), 1(h) and 1(j) are UNEXHAUSTED.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file exhibits in support of the motion to dismiss (ECF No. 10) is **GRANTED** *nunc pro tunc*.

DATED: 24 February 2021.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE