UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DONALD RICHARD MCFADDEN,

Petitioner,

v.

BRIAN WILLIAMS, SR, et al.,

Respondents.

Case No. 2:20-cv-00374-GMN-BNW

ORDER

On February 25, 2021, this court granted respondents' motion to dismiss certain claims in Donald Richard McFadden's 28 U.S.C. § 2254 habeas corpus petition as unexhausted (ECF No. 15). Because the petition contained exhausted and unexhausted claims, the court directed McFadden to choose to either: submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

In response, McFadden filed two motions. On March 30, 2021, McFadden filed a second motion for appointment of counsel (ECF No. 18). As the court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is

generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert.

denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert.

denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities

of the case are such that denial of counsel would amount to a denial of due process,

and where the petitioner is a person of such limited education as to be incapable of

fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v.

Bennett*, 423 F.2d 948 (8th Cir.1970).  The court previously determined that

McFadden's petition presents the issues arising from his guilty plea that he wishes to

raise in a reasonably clear manner, and the legal issues do not appear to be particularly

complex.  In McFadden's new motion for counsel, he presents no new arguments to

demonstrate that counsel is warranted. Therefore, his motion is denied.

On March 15, 2021, McFadden filed a motion for stay and abeyance in order that

he may return to state court to exhaust his unexhausted claims (ECF No. 16).

Respondents filed an opposition (ECF No. 20). In *Rhines v. Weber*, 544 U.S. 269

(2005), the Supreme Court placed limitations upon the discretion of the court to facilitate

habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a

district court to deny a stay and to dismiss a mixed petition if the petitioner had good

cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and

1  there is no indication that the petitioner engaged in intentionally dilatory litigation
2  tactics."  *Id*. at 278.

3      Thus, the court may stay a petition containing both exhausted and unexhausted
4  claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are
5  potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.
6  *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
7  "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse,
8  supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."
9  *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  "While a bald assertion cannot
10  amount to a showing of good cause, a reasonable excuse, supported by evidence to
11  justify a petitioner's failure to exhaust, will."  *Id*.  An indication that the standard is not
12  particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where
13  the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a
14  state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to
15  exhaust."  *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).  *See also Jackson v.*
16  *Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary
17  circumstances" standard does not comport with the "good cause" standard prescribed
18  by *Rhines*).

19      Here, McFadden briefly states that he has no education or experience in legal
20  matters and was unaware that he had not exhausted some of his claims (ECF No. 16).
21  However, "[u]nspecific, unsupported excuses for failing to exhaust – such as unjustified
22  ignorance," do not satisfy the good cause requirement. *Blake v. Baker*, 745 F.3d 977,
23  981 (9th Cir. 2014) (interpreting the holding in *Wooten v. Kirkland*, 540 F.3d 1019, 1024
24  (9th Cir. 2008)). Notably, McFadden raised several ineffective assistance of counsel
25  claims in a timely pro se state postconviction habeas corpus petition, and he raised
26  them on appeal of the denial of that state petition to the Nevada Supreme Court
27  (exhibits 26, 38, 45).[1]  Thus, his alleged lack of familiarity with the state-court process is

28  _____

[1] These are exhibits to respondents' motion to dismiss (ECF No. 9).

belied by the record in any event. McFadden also asserts that his unexhausted claims are "certainly not meritless," (ECF No. 16, p. 2), but this wholly unsupported, conclusory statement fails to demonstrate that the claims have merit. McFadden has not demonstrated under *Rhines* that a stay should be granted. His motion, therefore, is denied.

As the court denies the stay, McFadden must now elect from two options:

1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

2.     He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.

Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The

4

answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a response to the motion for stay (ECF No. 19) is **GRANTED** *nunc pro tunc*.


DATED: 14 October 2021.


_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE